```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X     NOT FOR PUBLICATION
LESTER JON RUSTON,

                         Plaintiff,
                                                                  ORDER
        -against-
                                                                  06-CV-2485 (NGG)(LB)
NBC TELEVISION, INC.,

                         Defendant.
------------------------------------------------------------X
```
GARAUFIS, United States District Judge:

Plaintiff Lester Jon Ruston, who is currently detained at the Federal Medical Center in Ayer, Massachusetts, has filed two motions for reconsideration of this court's September 18, 2006 dismissal of his *pro se* Complaint. As Plaintiff has failed to offer any reason for this court to reconsider its dismissal of his action, those motions are denied.

## BACKGROUND

On May 15, 2006, Plaintiff commenced an action naming "NBC Television, Inc. et al" as a defendant and alleging that he was being stalked by anchorwoman Katie Couric and others. By Order dated September 18, 2006, this court dismissed the action in its entirety, finding that his allegations were frivolous and that the court lacked subject matter jurisdiction over his claims. See 28 U.S.C. § 1915(e)(2)(B) (requiring a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."); 28 U.S.C. § 1331 (finding that in order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States.").

On December 4, 2006, Plaintiff filed a Motion for Reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. That motion was not immediately decided. Subsequently, the court received his "Amended Motion for Reconsideration" on August 2, 2007, and his "Supplementation to Amended Motion for Reconsideration Rule 60(B)" on August 6, 2007. Plaintiff's motions make the same factual arguments and claims for relief on the basis of alleged violations of the United States Criminal Code as found in his initial Complaint.

## DISCUSSION

Reconsideration under either Rule 60(b) or Local Civil Rule 6.3 of the Local Rules will generally be denied unless the moving party can point to either controlling decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result before the court. See Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Applying these standards to the instant motion, it is clear that Plaintiff has failed to establish a ground for reconsideration. His motions merely repeat the allegations that Defendant, a private entity, has violated sections of the criminal code. He points to no legal arguments or factual matters that could alter this court's conclusion that it does not have subject matter jurisdiction over his claims. As Plaintiff has failed to assert exceptional circumstances sufficient to justify relief from this court's September 18, 2006 Order, the motion for reconsideration is hereby DENIED.

## CONCLUSION

As Plaintiff has not alleged any facts or arguments sufficient to warrant relief from the Court's Order, the motion to reconsider the September 18, 2006 Order dismissing the Complaint is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of

an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
       September 5 , 2007