# MANDATE

E.D.N.Y.–Bklyn
06-cv-2485
Garaufis, J.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand eleven,

Present:
        Chester J. Straub,
        Robert D. Sack,
        Gerard E. Lynch,
            *Circuit Judges*.

*In re* Lester Jon Ruston,

        *Petitioner*.

Amended Order
10-4908-op

      Petitioner, *pro se*, has filed a petition for a "peremptory and permanent writ of prohibition." After the Respondent opposed the petition, petitioner moved to strike the response. He has previously been granted leave to proceed *in forma pauperis*. Upon due consideration, it is hereby ORDERED that the petition is DENIED.

      Our March 2009 order concerned the collection of filing fees for an appeal that petitioner had taken in this Court. The Government contends, and petitioner does not dispute, that the Bureau of Prisons ("BOP") has ceased collecting fees related to that appeal. Rather, petitioner seek to enjoin the BOP from collecting fees related to cases currently pending in First and Fifth Circuits. This Court's holding in *Whitfield v. Scully*, 241 F.3d 264, 277 (2d Cir. 2001), that no more than 20% of a prisoner's account may be deducted for filing fees is not controlling in those jurisdictions. Moreover, given that the BOP is permitted in other circuits to deduct more than 20% from a prisoner's account for multiple filing fees, *see, e.g.*, *Atchison v. Collins*, 288 F.3d 177, 180-81 (5th Cir. 2002), petitioner has not demonstrated a clear and unequivocal right to an extraordinary writ. *See Abrams v. McGohey*, 260 F.2d 892, 894 (2d Cir. 1958).

SAO-RH

**MANDATE ISSUED ON 01/17/2012**

In any event, the Government has represented that the fees for the First Circuit litigation have been returned to petitioner, rendering the petition moot. As to petitioner's claim that his prison account has been disabled, the proper remedy is to file suit in the appropriate district court.

Finally, petitioner's motion to strike is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

SAO-RH

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit